**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHAD LOWNSBERY** | : | |
| 561 Linden Ave, Apt 1 | : | |
| York, PA 17404 | : | Civil Case No. _____ |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | ***JURY TRIAL DEMANDED*** |
| **DART CONTAINER** | : | |
| **CORPORATION OF PA** | : | |
| 500 Hogsback Rd | : | |
| Mason, MI 48854 | : | |
| **Defendant.** | : | |

**COMPLAINT – CIVIL ACTION**

Plaintiff Chad Lownsberry ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant Dart Container ("Defendant"), alleges as follows:

**INTRODUCTION**

1.      Plaintiff initiates this action contending Defendant violated the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* by failing to provide reasonable accommodation(s) to Plaintiff as well as by discriminating against Plaintiff and terminating his employment because of his actual and/or perceived disabilities, because of his record of impairment, and in retaliation for requesting/requiring reasonable accommodation(s).

2.      Plaintiff further contends that Defendant violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* by interfering with Plaintiff's FMLA rights/benefits and by terminating Plaintiff's employment in retaliation for Plaintiff exercising his rights under the FMLA.

1

## PARTIES

3.      Plaintiff Chad Lownsbery is a citizen of the United States and Pennsylvania, who currently maintains a residence at 561 Linden Avenue, Apartment 1, York, PA 17404.

4.      Upon information and belief, Defendant is a Michigan company that does business in Pennsylvania at 60 East Main Street, Leola, PA 17540 and at 110 Pitney Road, Lancaster, PA 17602.

5.      At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

6.      Paragraphs 1 through 5 are hereby incorporated by reference as though the same were fully set forth at length herein.

7.      On or about March 19, 2025, Plaintiff filed a Charge of Discrimination ("Charge") against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e) and 43 P.S. § 959(a).

8.      Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2025-05120 and was filed within one-hundred and eighty (180) days of the unlawful employment practice.

9.      On or about March 23, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

10.     One year has passed since Plaintiff filed his complaint(s) with the EEOC and PHRC (his dual-filed Charge), thereby entitling Plaintiff to bring his PHRA claims in court.

11.   Plaintiff filed the instant action within the statutory time frame applicable to his claims.

12.   Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

13.   This is an action authorized and instituted pursuant to the ADA, FMLA, and PHRA.

14.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

15.   This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his federal claims.

16.   The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant does business in this judicial district and the unlawful practices of which Plaintiff is complaining were committed herein.

## **FACTUAL BACKGROUND**

17.   Paragraphs 1 through 16 are hereby incorporated by reference as though the same were fully set forth at length herein.

18.   Plaintiff began his employment with Defendant on or about July 3, 2019 as an Operator.

19.   Plaintiff worked in Defendant's manufacturing facility located at 60 East Main Street, Leola, PA 17540.

20.   Since 2020, Plaintiff had been approved for and used intermittent leave pursuant to the FMLA.

21.   Plaintiff applied for intermittent FMLA leave due to underlying serious health conditions including depression, anxiety, and ADHD, which likewise constitute disabilities within the meaning of the ADA and PHRA.

22. Plaintiff was entitled to 6 days of intermittent leave per month.

23. Plaintiff had always followed the same procedure to use his intermittent leave: if Plaintiff was already at work, he would advise his supervisor that he had to use his intermittent leave and then exit the workplace; if Plaintiff knew he required leave before his shifts, he would call and advise his supervisor or HR.

24. On or about October 23, 2024, Plaintiff was working his shift and realized he needed to make use of his intermittent leave and depart from work early.

25. As usual, Plaintiff advised his supervisor, Wilkens Colon ("Mr. Colon"), that he had to use his intermittent leave and then left work.

26. This was Plaintiff's 6th use of his intermittent leave for the month of October 2024, which, as noted, Plaintiff was permitted to take.

27. Plaintiff returned to work for his next scheduled workday and thereafter worked his shifts as scheduled.

28. However, on or about October 28, 2024, Defendant's HR Business Partner, Hannah Trump ("Ms. Trump"), called him into her office and asked Plaintiff why he had left work early on October 23rd.

29. Plaintiff explained to Ms. Trump that he had used his intermittent leave and had advised Mr. Colon before doing so.

30. Then, the following day, Plaintiff woke up to a voicemail message from Ms. Trump advising him not to come into work for his shift that night.

31. Plaintiff called Ms. Trump upon receiving her message and during this call, Ms. Trump told Plaintiff that Defendant was terminating his employment for job desertion based on him leaving early on October 23rd.

32. Plaintiff again explained that he had properly advised Mr. Colon that he was taking intermittent leave before leaving work.

33. Plaintiff further requested that Ms. Trump review the workplace video footage, which would have captured Plaintiff telling Mr. Colon he was taking intermittent leave.

34. The following day, Ms. Trump called Plaintiff again and stated that she checked the video but could not confirm what Plaintiff said to Mr. Colon because there was no sound.

35. Ms. Trump then advised Defendant was sticking with its decision to terminate Plaintiff's employment.

36. In light of the foregoing, it is believed and therefore averred that Defendant failed to accommodate Plaintiff, failed to engage in the interactive process, and interfered with Plaintiff's FMLA rights/benefits, in violation of the ADA, FMLA, and PHRA.

37. It is further believed and averred that Defendant terminated Plaintiff's employment because of his actual and/or perceived disabilities, his record of disability/impairment, and his need for and use of accommodations and FMLA leave, in violation of the ADA, FMLA, and PHRA.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT ("ADA")**
**42 U.S.C. § 12101, *et seq.***
**DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE**

38. Paragraphs 1 through 37 are hereby incorporated by reference as though the same were fully set forth at length herein.

39. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

40. Defendant was aware of Plaintiff's disabilities, record of impairment and disability, and/or regarded Plaintiff as being disabled within the meaning of the ADA.

41. Plaintiff requested and required reasonable accommodation(s) in connection with his disabilities.

42.     Defendant failed to reasonably accommodate Plaintiff and failed to engage in the interactive process.

43.     Defendant terminated Plaintiff's employment because of his actual and/or perceived disabilities, because of his record of impairment/disability, and in retaliation for requesting/requiring reasonable accommodation(s).

44.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including but not limited to loss of employment, benefits, earnings and earnings potential as well as other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, damage to career, and damage to reputation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and compensatory damages in amounts to be determined at trial;

b) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

c) Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

g)  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT ("FMLA")
### 29 U.S.C. 2601, *et seq*.
### INTERFERENCE & RETALIATION

45.     Paragraphs 1 through 44 are hereby incorporated by reference, as though the same were fully set forth at length herein.

46.     Upon information and belief, Defendant employed at least fifty (50) employees within the applicable seventy-five (75) mile radius for each working day in each of twenty (20) or more calendar days during the relevant time period.

47.     Plaintiff was eligible and entitled to intermittent FMLA leave for his serious health condition(s).

48.     Defendant willfully violated the FMLA by interfering with and denying Plaintiff FMLA rights and benefits.

49.     Defendant willfully violated the FMLA by terminating Plaintiff's employment in retaliation for plaintiff attempting to exercise his right to protected FMLA leave.

50.     The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

51.     As a result of Defendant's actions, Plaintiff has suffered loss of employment, earnings, raises, and benefits as well as other significant damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

7

a) Back wages and front pay in an amount to be determined at trial;

b) Liquidated damages in the maximum amount permitted;

c) Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

d) Pre-judgment interest in an appropriate amount;

e) Such other and further relief as is just and equitable under the circumstances; and

f) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT III**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, *et seq.***
**DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE**

52. Paragraphs 1 through 51 are hereby incorporated by reference as though the same were fully set forth at length herein.

53. Plaintiff is a qualified individual with a disability and/or handicap within the meaning of the PHRA.

54. Defendant was aware of Plaintiff's disability/handicap record of disability/handicap and/or regarded Plaintiff as having a disability/handicap.

55. Plaintiff requested and required reasonable accommodation(s), including intermittent leave from work, in connection with his disability/handicap.

56. Defendant failed to reasonably accommodate Plaintiff and failed to engage in the interactive process.

57.     Defendant violated the PHRA by discriminating and retaliating against Plaintiff and terminating his employment because of his actual and/or perceived disability/handicap, his record of disability/handicap, and his requests for and need for reasonable accommodation(s).

58.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings, and benefits as well as other economic damages, mental anguish, emotional distress, humiliation, and damage to reputation and career.

59.     The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE,** as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and compensatory damages in amounts to be determined at trial;

b) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

c) Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

g)  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## **JURY DEMAND**

**Plaintiff hereby demands a trial by jury as to all issues so triable.**

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

Date:  April 27, 2026

By:  */s/ Jake Daniel Novelli, Esq.*
Jake Daniel Novelli, Esq.
1628 John F. Kennedy Blvd., Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jnovelli@phillyemploymentlawyer.com
*Counsel for Plaintiff*

10

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.